# VAN NEST a. LOTT.

*Supreme Court, Second District ; Special Term, October,* 1862.

STATUTE OF LIMITATIONS.—SHERIFF'S FEES.—ACCOUNT STATED.

A cause of action does not accrue within the meaning of the Statute of Limitations till the creditor has the right to demand present payment from his debtor.

Thus, the time of limitation upon a claim by the plaintiff in foreclosure against the sheriff for money received on a sale of the mortgaged premises, does not begin to run until the sheriff's deed is delivered, and the sale perfected.

An agreement by a sheriff to accept less than the amount of his fees, if the person to whom they are charged will allow the amount thus reduced,—*Held,* to be without sufficient consideration.

Trial by the court.

This action was brought by John Van Nest against Englebert Lott for money received by the defendant when sheriff of Kings county, as ten per cent. of the purchase-money of land sold by him under a decree in a foreclosure-suit, in which the present plaintiff was plaintiff. The case was tried before Mr. Justice Scrugham. The sale took place, and the money was paid September 10, 1855. The sheriff's deed was delivered November 30, 1858, and the plaintiff received from the purchaser a mortgage for more than the amount of his bid, which was expressed to be " given to secure part of the purchase-money" of the premises.

The answer set up the Statute of Limitations, payment, and an offset of the fees in the foreclosure-suit.

It appeared that the defendant rendered an account in writing of these to the plaintiff; that the latter claimed that they were excessive, and that the legal fees did not exceed $100. Whereupon the defendant offered to reduce his charge to $150, if the plaintiff would allow him that amount, to which the latter agreed; but no cash was paid at the time, and no deduction made in writing. No objection to the account was made by the defendant for nearly three years, nor until the commencement of this suit.

*Everett P. Wheeler*, for the plaintiff.—I. The three years' limitation in the Code, § 92, does not apply to actions for money received by a sheriff, except in the case of a sale under an execution, which a sale in foreclosure is not. (Ten Broek *a.* Lansing, 4 *Johns. Ch.*, 601 ; Elliott *a.* Cronk's Executor, 13 *Wend.*, 35.)

II. The cause of action did not accrue until the delivery of the sheriff's deed, for until then the sale was incomplete, and it could not be ascertained whether another sale would take place.

III. In this case there was an account stated, and the Statute of Limitations does not begin to run until such statement. (2 *Pars. on Contr.*, 356 ; Ashby *a.* James, 11 *Mees. & Wels.*, 542 ; Smith *a.* Forty, 4 *Carr. & P.*, 126.)

IV. The account rendered by the defendant cannot now be contradicted by him. (Lockwood *a.* Thorne, 11 *N. Y.*, 170 ; Beers *a.* Reynolds, 12 *Barb.*, 288 ; Dows *a.* Durfee, 10 *Ib.*, 213.)

*James L. Campbell*, for the defendant.

SCRUGHAM, J.—This action was commenced on the 10th September, 1861, and the defence of the Statute of Limitations, which the defendant seeks to interpose, is founded entirely upon the assumption that the cause of action accrued on the 10th of September, 1855, which was the day on which the defendant, as sheriff, sold the mortgaged premises, and received from the purchaser $430, as the instalment of the purchase-money which was required by the terms of the sale to be paid down before the biddings should be considered closed.

The sale in an action for the foreclosure of a mortgage is one of the proceedings of the court, and the sheriff or referee conducting it acts as its officer, specially authorized for that purpose. The money he receives on the day of sale as the instalment of the purchase-money, required by the terms to be paid before the biddings are closed, is received and held for the court, and cannot be paid by him to any person without its order, until the payment of the balance of the purchase-money and the delivery of the deed ; for until then the sale is not complete. The right of the plaintiff to demand from the sheriff the money adjudged to be due him, is derived solely from the direction in the judgment, that the sheriff, out of the pro-

ceeds of the sale, pay him the amount reported due to him with interest. The judgment contemplates a complete sale, and until it becomes so by payment of all the purchase-money, or delivery of the deed, the plaintiff in the foreclosure-suit has no cause of action against the sheriff for any of the money received by him on the sale.

Therefore the cause of action in this case did not accrue until November 30, 1858, and as the action was commenced on September 10, 1861, it is not barred by any Statute of Limitations.

There is no sufficient proof of any consideration for the promise of the defendant, to accept one hundred and fifty dollars in full for his fees and disbursements which were then due, and amounted to a larger sum; and I have regarded the account he rendered to the plaintiff's attorney, and which is embraced in Exhibit C, as the best evidence of the amount of claim.

If the mortgage of Randall G. Cowenhoven to the plaintiff expressed that it was given to secure the whole of the purchase-money on the sale of the sheriff to Cowenhoven, there might be some force in the defendant's assertion that the plaintiff thereby acknowledged that he had been fully paid. But it does not. On the contrary, it expressly states that it is given to secure only part of the purchase-money. This is not inconsistent with the idea that it was given to secure other money also; and as the whole purchase-money was but $4,300, while the mortgage is for $6,000, I think such is the natural conclusion. Moreover, the testimony of Mr. Wheeler shows that the sum of $430, which was paid to the sheriff on the sale, was not included in the amount secured by the mortgage, and that that amount included moneys advanced by Van Nest to pay off taxes and assessments on the property.

The plaintiff should recover the balance between $430 and $222, the amount claimed by the defendant in Exhibit C, as the sum of his charges and disbursements. And interest should be allowed to the plaintiff on such balance from the 13th day of November, 1858, when his cause of action against the defendant accrued.

Accordingly, judgment is ordered for the plaintiff for two hundred and sixty-four dollars and five cents.